**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL ALVAREZ NAVARRO and NORMA ABRICA SANCHEZ, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   17-72758 <br><br> Agency Nos.   A096-061-021 <br> A096-061-022 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before:   SILVERMAN, GRABER, and GOULD, Circuit Judges.

Rafael Alvarez Navarro and Norma Abrica Sanchez, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen removal proceedings.  We have jurisdiction under 8

U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen,

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen based on ineffective assistance of counsel, where they filed the motion nearly eleven years after the filing deadline, and failed to demonstrate the due diligence necessary to warrant equitable tolling of the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as the petitioner exercises due diligence in discovering such circumstances).

Further, the BIA did not abuse its discretion in denying petitioners' motion to reopen where petitioners failed to establish prima facie eligibility for asylum, withholding of removal, or relief under the Convention Against Torture. *See Najmabadi, v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the BIA can deny a motion to reopen for failure to establish prima facie eligibility for the relief sought).

17-72758

Finally, we reject petitioners' contention that the BIA failed to properly analyze their claims.

**PETITION FOR REVIEW DENIED.**